IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS, | * |
| Plaintiffs, | * |
| vs. | * CASE NO. 3:07-CV-125 (CDL) |
| CIPLA LIMITED, | * |
| Defendant, | * |
| VELCERA, INC. and FIDOPHARM, INC., | * |
| Intervenors. | * |

O R D E R

Intervenors and Defendant move to extend the stay of this Court's Order, entered on June 21, 2011, pending appeal to the Federal Circuit (ECF Nos. 79 & 82). Rather than providing any new argument or even polishing an old one, movants simply present what appears to be the first draft of their brief to the Court of Appeals. Although this Court generally acknowledges its own human fallibility, it is not prone to sudden epiphanies. The clarity of the evidence upon which this Court's findings of fact were based has not diminished; its convincing nature remains strong. While the Court certainly respects the prerogative of the Federal Circuit to ultimately disagree, this Court, having heard, seen and studied the evidence, finds little

likelihood that movants will prevail on appeal. Moreover, balancing the equities of the parties and considering the public interest, the Court finds an indeterminate stay with no protection for the prevailing parties is unwarranted. Accordingly, movants motions for extension of the 60-day stay are denied (ECF Nos. 79 & 82).

The Court hastens to add that today's Order does not prevent movants from seeking a stay conditioned upon the approval of a supersedeas bond. However, for such a bond to be approved, the Court would expect movants to present evidence in support of any such application demonstrating a reasonable estimate of royalty payments and/or other compensation that would be appropriate to compensate Plaintiffs for the infringement of their patent during the pendency of the appeal. If such application is sought, the Court would permit Plaintiffs to depose any affiant who submits an affidavit or declaration in support of any such application for a supersedeas bond and to obtain any documents relevant to the affiant's testimony. To allow the Court ample opportunity to rule on any such application before the present stay ends, movants should file their motion for approval of a supersedeas bond, including any affidavits and supporting documents, by July 15, 2011, and make any affiant available for deposition no later than July 29, 2011. Plaintiffs would then have until August 12, 2011 to file

their response. In light of this ruling, the Court finds Plaintiffs' present motion for leave to conduct expedited discovery (ECF No. 88) premature and moot.

The Court finds it appropriate to make some final observations regarding its *sua sponte* imposition of the present 60-day stay. Although the Court did follow through on the 60-day stay that it foreshadowed at the conclusion of the oral arguments, it did so with some reservation. During the final preparation of its findings of fact and conclusions of law, the Court determined that the law and evidence strongly demanded a judgment in favor of Plaintiffs. Notwithstanding the Court's strong conviction as to the correctness of its final decision, it nevertheless graciously provided movants with a gratuitous 60-day stay. It did not grant that stay because it felt movants could meet the standard for a stay pending an appeal under Federal Circuit law; and movants' pending motion offers nothing to cause the Court to reconsider that conclusion. The purpose of the limited stay was simply to provide movants with an opportunity to pursue an expedited appeal with the Federal Circuit, including the possibility of an extension of the stay by the Federal Circuit. As an aside, the Court would certainly expect that the Federal Circuit would require movants to post a supersedeas bond to protect the interests of the prevailing parties during an appeal. Whether such a stay is granted by the

Federal Circuit does not concern this Court. This Court simply seeks to make clear that its *sua sponte* imposition of the present 60-day stay does not reflect any equivocation by this Court as to its findings of fact and conclusions of law.

IT IS SO ORDERED, this 30th day of June, 2011.

s/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE