UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*,<br><br>Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

**PLAINTIFFS MERIAL LIMITED AND MERIAL SAS'S
EMERGENCY MOTION FOR RECONSIDERATION**

Merial respectfully moves this Court to reconsider its August 19, 2011 Order granting the Emergency Motion by Intervenors Velcera, Inc. and Fidopharm, Inc. (collectively, "Velcera") Pursuant to Fed. R. Civ. P. 60(b) to Confirm Scope of Contempt Order and Injunction (D.I. 97).

On information and belief, Velcera has taken advantage of the 60-day stay—graciously granted by this Court to permit it time to seek an expedited appeal—to transfer its entire inventory of PetArmor Plus to the large warehousing and distribution centers of its retail partners. By doing so, Velcera has ensured that its retail partners will have enough existing "inventory" of the infringing products in the United States to last throughout the peak of the flea and tick season, particularly from September until the weather turns cold. If Velcera's retail partners are permitted to exhaust their vast inventories, it will cause the very irreparable harm to Merial that this Court's June 21, 2011, Order (D.I. 75) was intended to prevent.

As shown in the accompanying memorandum, it is well settled that district courts have the authority to prevent further irreparable harm to a patentee by requiring adjudged infringers to recall any existing inventory of infringing products in the possession of downstream distributors and retailers, even though the distributors and retailers are not themselves parties to the action.

According, Merial respectfully requests that this Court make clear that the remedy section of its June 21, 2011, Order requires Velcera to, in good faith, do everything within its ability to seize any existing inventory in the United States of the infringing PetArmor Plus products, including recalling such products from its retail partners.  Such a recall should:  (i) inform the retailers that the PetArmor Plus products have been found to infringe Merial's United States Patent No. 6,096,329; (ii) provide them with a copy of the Court's Order; and (iii) direct them to return any inventory of the infringing PetArmor products to Velcera for a full refund.  Requiring Velcera to issue this product recall is the only practical way to prevent further irreparable harm to Merial, especially since, as explained in the accompanying memorandum, it is highly unlikely that Merial will be able to collect its lost profits from Velcera or Cipla.

Respectfully submitted, this 22nd day of August, 2011.

*/s/ John W. Cox*
John W. Cox, Ph.D., Esq.
ALSTON & BIRD LLP

- 3 -

Judy Jarecki-Black, Ph.D., Esq.
(judy.jarecki@merial.com)
Georgia Bar No. 801698
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, Georgia 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

J. Patrick Elsevier, Ph. D., Esq.
(jpelsevier@jonesday.com)
Georgia Bar No. 246694
JONES DAY
12265 El Camino Real
Suite 200
San Diego, California 92130-4096
Tel.: (858) 314-1200
Fax.: (858) 314-1150

Edward D. Tolley, Esq.
(etolley@mindspring.com)
Georgia Bar No. 714300
COOK NOELL TOLLEY & BATES LLP
304 East Washington Street
P.O. Box 1927
Athens, GA 30603-1927
Tel.: (706) 549-6111
Fax: (706) 548-0956

Frank G. Smith, III, Esq.
(frank.smith@alston.com)
Georgia Bar No. 657550
John W. Cox, Ph.D., Esq.
(john.cox@alston.com)
Georgia Bar No. 134059
Matthew W. Howell, Esq.
(matthew.howell@alston.com)
Georgia Bar No. 607080
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiffs Merial Limited and Merial SAS*