# **<u>EXHIBIT 2</u>**

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

MERIAL LIMITED AND MERIAL SAS,
*Plaintiffs-Appellees,*

AND

BASF AGRO B.V.,
*Plaintiff,*

v.

CIPLA LIMITED,
*Defendant-Appellant,*

AND

VELCERA, INC. AND FIDOPHARM, INC.,
*Defendants-Appellants,*

AND

ARCHIPELAGO SUPPLIERS, ARROWTARGET ENTERPRISES LTD., GENERIC PETMEDS, INHOUSE DRUGSTORE, LISA PERKO, PETCARE PHARMACY, AND PETMEDS R US,
*Defendants.*

---

2011-1471, -1472

---

Appeals from the United States District Court for the Middle District of Georgia in case no. 07-CV-0125, Judge Clay D. Land.

BASF AGRO v. CIPLA LIMITED                                2

## ON MOTION

Before LOURIE, MOORE, and REYNA, *Circuit Judges*.

LOURIE, *Circuit Judge*.

### ORDER

The appellants move to stay the contempt order and injunction entered by the United States District Court for the Middle District of Georgia, pending this court's disposition of their appeal of the order. Merial Limited and Merial SAS (Merial) oppose. The appellants reply.

The district court held that the appellants were in contempt of a previous injunction that prohibited, inter alia, the selling or importation of products that infringed two of Merial's patents. As part of its judgment, the district court ordered that the appellants must provide to Merial for destruction any inventory in the United States that contains fipronil and methoprene. The district court further enjoined the appellants from, inter alia, selling or importing veterinary products that contain fipronil and methoprene. The district court stayed its order and injunction until August 20, 2011.

To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987).

*See also Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990).

Based on the motions papers submitted, and without prejudicing the ultimate disposition of this appeal by a merits panel, we determine that the appellants have not met their burden to obtain a stay of the injunction or contempt order, except that Merial should not destroy the inventory provided to it by the appellants during the pendency of this appeal.

Accordingly,

IT IS ORDERED THAT:

The motion is granted to the limited extent that, pending this court's disposition of this appeal, Merial should not destroy any inventory required to be delivered by the appellants. The motion is in all other aspects denied.

FOR THE COURT

AUG 1 7 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Nagendra Setty, Esq.
Jonathan G. Graves, Esq.
Gregory A. Castanias, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2011

JAN HORBALY
CLERK