# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*,<br><br>Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

**PLAINTIFFS MERIAL LIMITED AND MERIAL SAS'S FIRST INTERROGATORIES TO INTERVENORS VELCERA, INC. AND FIDOPHARM, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Merial Limited and Merial SAS request that Intervenors Velcera, Inc. and FidoPharm, Inc., answer the following interrogatories under oath. Velcera, Inc. and FidoPharm, Inc. shall provide responses to these requests on October 19 or at such other time as may be agreed upon between the parties.

**DEFINITIONS**

In the Requests for Production below, the following definitions shall apply:

1. "Merial" means Plaintiffs Merial Limited and Merial SAS, individually and/or collectively, including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and their past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on their behalf.

2. "Velcera, Inc." means Velcera, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present

- 2 -

employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of Velcera, Inc.

3. "FidoPharm, Inc." means FidoPharm, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of FidoPharm, Inc.

4. "Velcera," "you," and/or "your" means Velcera, Inc. and FidoPharm, Inc., individually and/or collectively, including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of Velcera, Inc. and/or FidoPharm, Inc.

5. "LoradoChem" means LoradoChem, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of LoradoChem, Inc.

6. "Cipla" means Cipla Limited, including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of Cipla Limited.

7. "The '329 patent" means United States Patent No. 6,096,329, issued August 1, 2000.

8.      "Fipronil" means and includes (i) the chemical commonly known as fipronil; (ii) the chemical known as Fluocyanobenpyrazole; (iii) the chemical represented by the following diagram:

wherein $R^1$ is the cyano group CN, $R^2$ is $S(O)CF_3$, $R^3$ is the amino group $NH_2$, $R^4$ is Cl, $R^5$ is H, $R^6$ is $CF_3$, $R^7$ is H, and $R^8$ is Cl, wherein C is a carbon atom, N is a nitrogen atom, S is a sulfur atom, O is an oxygen atom, Cl is a chlorine atom, F is a fluorine atom, H is a hydrogen atom, and $CF_3$ is a straight chain alkyl group having one carbon atom that is substituted with three fluorine halogen atoms; (iv) the chemical represented by the following diagram:

;
(v) the chemical represented by the formula $C_{12}H_4Cl_2F_6N_4OS$; (vi) the chemical having the International Union of Pure and Applied Chemistry (IUPAC) name of (±)-5-amino-l-(2,6-dichloro-α,α,α,-trifluoro-p-tolyl)-4-trifluoromethylsulfinylpyrazole-3-carbonitrile or the synonym 5-amino-1-[2,6-dichloro-4-(trifluoromethyl)phenyl]-4-[(trifluoromethyl)sulfinyl]-1H-pyrazole-3-carbonitrile; or (vii) the chemical having the name 5-amino-3-cyano-1-(2,6-dichloro-4-trifluoromethylphenyl)-4-trifluoromethylsulphinyl pyrazole.

9.      "Methoprene" means and includes (i) the chemical commonly known as methoprene; or (ii) the chemical represented by the following diagram:

- 3 -

[Chemical structure diagram of methoprene]

10. "Velcera Fipronil-Methoprene Veterinary Product" means and includes any veterinary or animal-health product containing fipronil and methoprene that is or has been made, used, offered to sell, or sold within, or imported into, the United States, or caused to be made, used, offered for sale, or sold within, or imported into, the United States, by, on behalf of, or at the request of, Velcera, Inc., and/or FidoPharm, Inc., including but not limited to the products and/or compositions denominated PetArmor™ Plus, TrustGard™ Plus, Velcera® Fipronil Plus, LC-2010-3 Fipronil and S-Methoprene for Cats, and/or LC-2010-4 Fipronil and S-Methoprene for Dogs, and/or associated with EPA Registration Number 86230-3 and/or EPA Registration Number 86230-4.

11. "Cipla Fipronil-Methoprene Veterinary Product" means and includes any veterinary or animal-health product containing fipronil and methoprene manufactured by Cipla, or any of its subsidiaries or related companies, occurring after the date of the Court's March 6, 2008 Order, including, but not limited to, the products sold under the Protektor Plus, PetArmor Plus, TrustGard Plus, and Velcera Fipronil Plus brands.

12. "EPA" means the United States Environmental Protection Agency including any affiliate, division, predecessor, or successor thereof, and its past and present employees, agents, representatives, or any other person acting on behalf of the EPA.

13. The terms "all" and "each" shall be construed as all and each.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, and may be verbal, written, electronic, or otherwise, whether in-person or telephonic; whether direct or through an intermediary.

16. "Concerning" or "relating" or "referring" mean referring or relating in their broadest senses and include, where appropriate, "describing," "comprising," "constituting," "supporting," "consisting of," "regarding," "reflecting," "representing," "pertaining," "evidencing," "relating", "referring" and "concerning."

17. "Date" means the exact day, month, and year if ascertainable; if not, then the closest approximation that can be made thereto in terms of months and years, seasons, or relation to other events and matter.

18. "Describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatory refers including, but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

19. "Document" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rule of Civil Procedure 34, and specifically includes electronic data.  A draft or non-identical copy is a separate document within the meaning of this term.

20. The terms "he," "his," or "him" are generic terms that mean any person as defined herein, whether natural or otherwise, and whether masculine, feminine, or neuter.

21. The term "identify" shall mean:

(a) When used with respect to an individual or natural person, to state: (1) his or her name; (2) any other name used by him or her presently or in the past; (3) his or her present or last known business address, residence address and telephone numbers; and (4) the corporation, partnership, association, foundation, trust, organization or other entity, and the functional division thereof, with which he or she is now associated, and his or her title, status, position, rank or classification with such entity at the present and through the time period specified.

(b) When used with respect to a person other than a natural person including, but not limited to, any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (1) its full name; (2) the address of its principal office or place of business; (3) all names under which it is doing business or ever has done business; (4) the nature of the venture (e.g., sole proprietorship, partnership, corporation, etc.); and (5) the identities of its officers, directors, partners or administrators.

(c) When used with respect to a communication, to: (1) state the dates and places of origin and reception of such communications; (2) identify each person who was present at or participated in such communication including, but not limited to the author(s) and recipient(s) of such communication; (3) identify the type of communication (e.g., letter, facsimile transmission, face-to-face conversation, telephone conversation, etc.); (4) describe the substance of each such communication; and (5) identify each document which records, shows, or refers to such communication.

(d) When used with respect to a document or tangible thing, to state: (1) the type of document or tangible thing (e.g., letter, memoranda, computer disk, etc.); (2) the

date it was created; (3) its authors and signatories; (4) its addressees and all other persons receiving copies; (5) the nature and substance of the document with sufficient particularity to enable it to be identified; and (6) its location and its custodian (or if it is no longer within your possession, custody or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved such disposition; and identify the person or persons having knowledge of its contents). In lieu of identifying documents in the foregoing manner, Intervenors may identify them by document number and produce such documents for inspection pursuant to Federal Rule of Civil Procedure 33(c).

(e) When used with respect to a fact to: (1) describe the fact; (2) state when the fact became known to you; (3) identify the source from which you learned the fact; (4) identify the documents that record, show or refer to the fact; and (5) state why you believe the fact is true.

(f) When used with respect to a patent or patent application, to state: (1) its country, patent number and application number; (2) its dates of filing, publication and issuance; (3) the names of all patentees, applicants or inventors; (4) its title; (5) the identity of each counterpart (United States or foreign) application and patent; (6) its status; and (7) the docket number or other designation thereof used by the Intervenors to identify it in its files.

22. The use of the singular form of any word includes the plural and vice versa.

23. "Person" means any natural person or any business, legal or government entity or association, and any functional division thereof.

24. "State" means to express the particulars in writing or set down and set forth in detail.

## INSTRUCTIONS

1. You are required to answer the following interrogatories separately and fully in writing and under oath, within the time period provided by the Federal Rules of Civil Procedure unless a different time to respond is ordered by the Court. When answering the interrogatories, you are required to furnish such information as is available to you, including but not limited to information known to your officers, employees, agents, attorneys, or anyone else acting for or on your behalf.

2. If you have no information about the subject of a particular interrogatory or if for some other reason you are unable to answer it, the response to that interrogatory should specifically so state.

3. If you cannot answer an interrogatory completely, answer as fully as you can and specify the ways in which your response may be incomplete because of your lack of knowledge. If you do not know exact dates, amounts, or other facts with certainty, but you have information from which you can make an appropriate or estimated answer, do so, and indicate that the answer is appropriate or estimated because you lack more precise information.

4. Any documents that you have been requested to identify that you cannot or will not produce must be identified as requested, to the extent possible, whether or not they are in your possession, custody or control.

5. Documents produced pursuant to Federal Rule of Civil Procedure 33(d) should be expressly identified by the interrogatory to which they pertain.

6. Except as otherwise expressly directed herein, each paragraph and subparagraph of the interrogatories should be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the interrogatory being answered.

7. If the original of a document is within your possession custody or control, produce it; if not, produce such copy of it as is in your possession, custody or control. Any copy of a document on which any notation, addition, alteration or change has been made is to be treated as an additional original document.

8. Included in the definition of documents as used herein are files, file folder, books, etc. and their contents. Accordingly, produce files, file folders, books, etc. together with the documents they contain.

9. In the event that documents called for by these interrogatories were formerly in your possession, custody or control, but are no longer in your possession, custody or control, those documents are to be identified in writing by specifying the following for each such document: the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the date of loss or destruction; and, if destroyed, the manner of destruction, reason for destruction, the identities of the persons authorizing destruction and persons participating in the destruction.

If you withhold any documents or information that are otherwise responsive to these requests on a claim of privilege or subject to protection as trial preparation material or work product immunity or any other immunity from discovery, provide a written statement in compliance with Rule 26(b)(5) that describes the nature of the withheld information in a manner

that will enable the Court and counsel for Defendants to assess the applicability of the privilege or protection including the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the name of the person who has custody of the document; and the statute, rule or decision which is claimed to give rise to the privilege or immunity.

## INTERROGATORIES

**INTERROGATORY NO. 1.**:   To the extent not disclosed in your October 19 written accounting, identify and describe each entity to which each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product were sold including, but not limited to, the identity and amount of each such product sold to each entity, as well as the total and unit price for which such products were sold.

**RESPONSE:**

**INTERROGATORY NO. 2.**:   Identify each document that relates to or may be relevant to the determination of a reasonable royalty in this case in accordance with 35 U.S.C. § 284 including, but not limited to, all documents relating to any of the factors that may be considered in determining a reasonable royalty as set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) that relate to the facts of this action including, but not limited to, identifying each and every license agreement of which you are aware that relates to the use of any patents that you contend are comparable to the '329 patent.

**RESPONSE:**

**INTERROGATORY NO. 3.**:  With respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product, identify and describe, in detail, your:

    (a) anticipated and actual gross, net, and operating profit from manufacture, use, or sale;

    (b) anticipated and actual cost of manufacture and variable, fixed, and standard costs;

    (c) anticipated and actual dollar and unit sales by product, customer, and geographical area;

    (d) anticipated and actual monthly profits and losses; and/or

    (e) anticipated and actual manufacturing and marketing capacity.

**RESPONSE:**

**INTERROGATORY NO. 4.**:  To the extent you contend that Merial is not entitled to disgorgement of your gross profits attributable to the Velcera Fipronil-Methoprene Veterinary Products and/or the Cipla Fipronil-Methoprene Veterinary Products, or any part thereof, explain, in detail, the basis of your position.

**INTERROGATORY NO. 5.**:  Identify and describe, in detail, any costs or expenditures attributable to the Velcera Fipronil-Methoprene Veterinary Products and/or the Cipla Fipronil-Methoprene Veterinary Products that you contend should be deducted from your revenue in any award of profits to Merial, and the basis for any such deduction.

- 12 -

**INTERROGATORY NO. 6.**:  Identify and describe, in detail, your accounting methods for sales, cost allocation, profits, and overhead with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**INTERROGATORY NO. 7.**:  Identify and describe, in detail, your supply chain and distribution channels with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**INTERROGATORY NO. 8.**:  Identify and describe, in detail, your pricing strategy with regard to each Velcera Fipronil-Methoprene Veterinary Product and Cipla Fipronil-Methoprene Veterinary Product including, but not limited to, actual or planned prices, price structures and incentive plans, competitor price comparisons, and/or market price trend analysis.

**RESPONSE:**

**INTERROGATORY NO. 9.**:  Identify and describe, in detail, the identity of and value of all of your assets in the United States.

**RESPONSE:**

**INTERROGATORY NO. 10.**:  Identify and describe, in detail, your monthly unit and dollar sales by customer and/or outlet for each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product since March 6, 2008.

- 13 -

**RESPONSE:**


**INTERROGATORY NO. 11.**:   Identify and describe, in detail, each importation into the United States since March 6, 2008 of any Velcera Fipronil-Methoprene Veterinary Product or any Cipla Fipronil-Methoprene Veterinary Product, including, but not limited to, identify the dates of each such importation and the identities and amounts of the products imported.

**RESPONSE:**


**INTERROGATORY NO. 12.**:   Identify each person who participated in your response to Merial's Interrogatories and Requests for Production to you, dated September 23, 2011.

**RESPONSE:**


**INTERROGATORY NO. 13.**:   Identify your Chief Financial Officer and any independent accountants and auditors engaged by you or on your behalf.

Dated: September 23, 2011

Judy Jarecki-Black, Ph.D., Esq.
(judy.jarecki@merial.com)
Georgia Bar No. 801698
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, Georgia 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

J. Patrick Elsevier, Ph. D., Esq.
(jpelsevier@jonesday.com)
Georgia Bar No. 246694
JONES DAY
12265 El Camino Real
Suite 200
San Diego, California 92130-4096
Tel.: (858) 314-1200
Fax.: (858) 314-1150

*/s/Matthew W. Howell*
Edward D. Tolley, Esq.
(etolley@mindspring.com)
Georgia Bar No. 714300
COOK NOELL TOLLEY & BATES LLP
304 East Washington Street
P.O. Box 1927
Athens, GA 30603-1927
Tel.: (706) 549-6111
Fax: (706) 548-0956

Frank G. Smith, III, Esq.
(frank.smith@alston.com)
Georgia Bar No. 657550
John W. Cox, Ph.D., Esq.
(john.cox@alston.com)
Georgia Bar No. 134059
Matthew W. Howell, Esq.
(matthew.howell@alston.com)
Georgia Bar No. 607080
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiffs Merial Limited and Merial SAS*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS,<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*,<br><br>Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.,<br><br>Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing document was served by electronic mail and overnight courier to the persons at the addresses below:

| | |
|---|---|
| Neal J. Callahan<br>WALDREP, MULLIN & CALLAHAN LLC<br>P.O. Box 351<br>105 13th Street<br>Suite B<br>Columbus, GA 31902<br>Tel:  706-320-0600<br>Email:  njc@waldrepmullin.com | COUNSEL FOR DEFENDANT CIPLA LIMITED |
| Nagendra Setty<br>FISH & RICHARDSON, P.C.<br>1180 Peachtree Street, NE<br>21st Floor<br>Atlanta, Georgia 30309<br>Tel:  404-892-5005<br>Email:  nsetty@fr.com | COUNSEL FOR DEFENDANT CIPLA LIMITED |

| | |
|---|---|
| William L. Tucker<br>PAGE, SCRANTOM, SPROUSE,<br>TUCKER & FORD, P.C.<br>Synovus Centre<br>111 Bay Avenue, 3rd Floor<br>P.O. Box 1199<br>Columbus, GA 31901<br>Tel: 706-324-0251<br>Email: jcc@psstf.com | COUNSEL FOR INTERVENORS<br>FIDOPHARM, INC. AND VELCERA, INC. |
| Michael S. French<br>WARGO & FRENCH LLP<br>999 Peachtree Street, NE<br>26th Floor<br>Atlanta, Georgia 30309<br>Tel: (404) 853-1500<br>Email: mfrench@wargofrench.com | COUNSEL FOR INTERVENORS<br>FIDOPHARM, INC. AND VELCERA, INC. |
| Tryn Stimart<br>COOLEY LLP<br>777 6th Street, NW<br>Washington, DC 20001<br>Tel: 202-842-7800<br>Email: tstimart@cooley.com | COUNSEL FOR INTERVENORS<br>FIDOPHARM, INC. AND VELCERA, INC. |
| Jon G. Graves<br>COOLEY LLP<br>11951 Freedom Drive<br>Reston, Virginia 20190-5656<br>Tel: 706-456-8000<br>Email: jgraves@cooley.com | COUNSEL FOR INTERVENORS<br>FIDOPHARM, INC. AND VELCERA, INC. |
| Dated:  September 23, 2011 | *s/ Matthew W. Howell*<br>Matthew W. Howell, Esq.<br>(matthew.howell@alston.com)<br>Georgia Bar No. 607080<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Tel.: (404) 881-7000<br>Fax: (404) 881-7777<br><br>*Counsel for Plaintiffs*<br>*Merial Limited and Merial SAS* |