# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BASF AGRO B.V., MERIAL LIMITED,
and MERIAL SAS

       Plaintiffs,

v.

CIPLA LIMITED, *et al.*,

       Defendants, and

VELCERA, INC. and FIDOPHARM, INC.

       Intervenors.

Civil Case No. 3:07-cv-00125-CDL

**PLAINTIFFS MERIAL LIMITED AND MERIAL SAS'S FIRST REQUESTS FOR
PRODUCTION TO INTERVENORS VELCERA, INC. AND FIDOPHARM, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Merial Limited
and Merial SAS request that Intervenors Velcera, Inc. and FidoPharm, Inc., pursuant to the
agreement between the parties, produce the documents and things described below on October
19 or at such other time as may be agreed upon between the parties.  The documents and things
shall be produced at the offices of Alston & Bird, LLP, 1201 West Peachtree Street, Atlanta,
Georgia 30309-3424, or at such other place as may be agreed upon by the parties.  Velcera, Inc.
and FidoPharm, Inc. shall provide responses to these requests on October 11 or at such other
time as may be agreed upon between the parties.

**DEFINITIONS**

In the Requests for Production below, the following definitions shall apply:

1.      "Merial" means Plaintiffs Merial Limited and Merial SAS, individually and/or
collectively, including any parent, subsidiary, affiliate, division, partner, joint venturer,

predecessor, or successor thereof, and their past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on their behalf.

2.      "Velcera, Inc." means Velcera, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of Velcera, Inc.

3.      "FidoPharm, Inc." means FidoPharm, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of FidoPharm, Inc.

4.      "Velcera," "you," and/or "your" means Velcera, Inc. and FidoPharm, Inc., individually and/or collectively, including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of Velcera, Inc. and/or FidoPharm, Inc.

5.      "LoradoChem" means LoradoChem, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of LoradoChem, Inc.

6.      "Cipla" means Cipla Limited, including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof, and its past and present employees, directors, shareholders, agents, representatives, and officers, or any other person acting on behalf of CIPLA, Limited.

7.      "The '329 patent" means United States Patent No. 6,096,329, issued August 1, 2000.

8.      "Fipronil" means and includes (i) the chemical commonly known as fipronil; (ii) the chemical known as Fluocyanobenpyrazole; (iii) the chemical represented by the following diagram:



wherein $R^1$ is the cyano group CN, $R^2$ is S(O)$CF_3$, $R^3$ is the amino group $NH_2$, $R^4$ is Cl, $R^5$ is H, $R^6$ is $CF_3$, $R^7$ is H, and $R^8$ is Cl, wherein C is a carbon atom, N is a nitrogen atom, S is a sulfur atom, O is an oxygen atom, Cl is a chlorine atom, F is a fluorine atom, H is a hydrogen atom, and $CF_3$ is a straight chain alkyl group having one carbon atom that is substituted with three fluorine halogen atoms; (iv) the chemical represented by the following diagram:



(v) the chemical represented by the formula $C_{12}H_4Cl_2F_6N_4OS$; (vi) the chemical having the International Union of Pure and Applied Chemistry (IUPAC) name of (±)-5-amino-l-(2,6-dichloro-α,α,α,-trifluoro-p-tolyl)-4-trifluoromethylsulfinylpyrazole-3-carbonitrile or the synonym  5-amino-1-[2,6-dichloro-4-(trifluoromethyl)phenyl]-4-[(trifluoromethyl)sulfinyl]-1*H*-pyrazole-3-carbonitrile; or (vii) the chemical having the name 5-amino-3-cyano-1-(2,6-dichloro-4-trifluoromethylphenyl)-4-trifluoromethylsulphinyl pyrazole.

9.    "Methoprene" means and includes (i) the chemical commonly known as methoprene; or (ii) the chemical represented by the following diagram:



10.    "Velcera Fipronil-Methoprene Veterinary Product" means and includes any veterinary or animal-health product containing fipronil and methoprene that is or has been made, used, offered to sell, or sold within, or imported into, the United States, or caused to be made, used, offered for sale, or sold within, or imported into, the United States, by, on behalf of, or at the request of, Velcera, Inc., and/or FidoPharm, Inc., including but not limited to the products and/or compositions denominated PetArmor™ Plus, TrustGard™ Plus, Velcera® Fipronil Plus, LC-2010-3 Fipronil and S-Methoprene for Cats, and/or LC-2010-4 Fipronil and S-Methoprene for Dogs, and/or associated with EPA Registration Number 86230-3 and/or EPA Registration Number 86230-4.

11.    "Cipla Fipronil-Methoprene Veterinary Product" means and includes any veterinary or animal-health product containing fipronil and methoprene manufactured by Cipla, or any of its subsidiaries or related companies, occurring after the date of the Court's March 6, 2008 Order, including, but not limited to, the products sold under the Protektor Plus, PetArmor Plus, TrustGard Plus, and Velcera Fipronil Plus brands.

12.    "EPA" means the United States Environmental Protection Agency including any affiliate, division, predecessor, or successor thereof, and its past and present employees, agents, representatives, or any other person acting on behalf of the EPA.

13.    The terms "all" and "each" shall be construed as all and each.

- 4 -

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, and may be verbal, written, electronic, or otherwise, whether in-person or telephonic; whether direct or through an intermediary.

16.     "Concerning" or "relating" or "referring" mean referring or relating in their broadest senses and include, where appropriate, "describing," "comprising," "constituting," "supporting," "consisting of," "regarding," "reflecting," "representing," "pertaining," "evidencing," "relating", "referring" and "concerning."

17.     "Date" means the exact day, month, and year if ascertainable; if not, then the closest approximation that can be made thereto in terms of months and years, seasons, or relation to other events and matter.

18.     "Document" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rule of Civil Procedure 34, and specifically includes electronic data.  A draft or non-identical copy is a separate document within the meaning of this term.

19.     The terms "he," "his," or "him" are generic terms that mean any person as defined herein, whether natural or otherwise, and whether masculine, feminine, or neuter.

20.     The use of the singular form of any word includes the plural and vice versa.

21.     "Person" means any natural person or any business, legal or government entity or association, and any functional division thereof.

## INSTRUCTIONS

1.      These requests and the terms used in these requests shall be construed to require the fullest and most complete disclosure permitted by law.

2.      Responses to these requests should include documents in your possession custody or control including, but not limited to, documents in the possession, custody or control of your attorneys, as well as anyone investigating any matter relating to this lawsuit on your or your attorneys' behalf.

3.      Documents are to be produced in full and in their unexpurgated form.

4.      In the event that documents called for by these requests were formerly in your possession, custody or control, but are no longer in your possession, custody or control, those documents are to be identified in writing by specifying the following for each such document: the type of document; a general description of the information contained within the document; the identities of the author(s), addresser(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the date of loss or destruction; and, if destroyed, the manner of destruction, reason for destruction, the identities of the persons authorizing destruction and persons participating in the destruction.

5.      If you find the meaning of any term in these requests to be unclear, you should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

6.      If you withhold any documents or information that are otherwise responsive to these requests on a claim of privilege or subject to protection as trial preparation material or work product immunity or other immunity from discovery, provide a written statement in compliance with Rule 26(b)(5) that describes the nature of the withheld information in a manner

that will enable the Court and counsel for Plaintiffs to assess the applicability of the privilege or protection including the type of document; a general description of the information contained within the document; the identities of the author(s), addressor(s), addressee(s), or any indicated or blind copy recipients; the date of creation or transmittal; the name of the person who has custody of the document; and the statute, rule or decision which is claimed to give rise to the privilege or immunity.

These requests are continuing and in the event you discover or receive additional documents that are responsive to these requests, you are to immediately produce to Plaintiffs' counsel all such additional documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**:  All documents relating to or that may be relevant to the determination of a reasonable royalty in this case in accordance with 35 U.S.C. § 284 including, but not limited to, all documents relating to any of the factors that may be considered in determining a reasonable royalty as set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) that relate to the facts of this action including, but not limited to, identifying each and every license agreement of which you are aware that relates to the use of any patents that you contend are comparable to the '329 patent.

**RESPONSE:**

**REQUEST NO. 2.**:  With respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product, all documents concerning:

(a) anticipated and actual gross, net, and operating profit from manufacture, use, or sale;

(b) anticipated and actual cost of manufacture and variable, fixed, and standard costs;

(c) anticipated and actual dollar and unit sales by product, customer, and geographical

area;

(d) anticipated and actual monthly profit and loss statements; and/or

(e) anticipated and actual manufacturing and marketing capacity.

**RESPONSE:**

**REQUEST NO. 3.**:  Documents and things sufficient to determine your accounting methods for sales, cost allocation, profits, and overhead with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**REQUEST NO. 4.**:  Documents sufficient to identify each of your distribution channels with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**REQUEST NO. 5.**:  Documents sufficient to show your monthly unit and dollar sales by customer and/or outlet for each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product since March 6, 2008.

**RESPONSE:**

**REQUEST NO. 6.**:  Documents sufficient to identify each importation into the United States since March 6, 2008 of any Velcera Fipronil-Methoprene Veterinary Product or any Cipla Fipronil-Methoprene Veterinary Product, including, but not limited to, documents sufficient to

identify the dates of each such importation and the identities and amounts of the products imported.

**RESPONSE:**

**REQUEST NO. 7.**:  Documents sufficient to show your development costs with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**REQUEST NO. 8.**:  Documents sufficient to show your manufacturing costs with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**REQUEST NO. 9.**:  Documents sufficient to show the amounts of any investments in any research, design, development, or commercialization made by you related to any Velcera Fipronil-Methoprene Veterinary Product or any Cipla Fipronil-Methoprene Veterinary Product, but not limited to, the time and dollar amounts you spent to bring any such products to market.

**RESPONSE:**

**REQUEST NO. 10.**: Documents sufficient to show your supply chain with respect to each Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product, including, but not limited to, documents sufficient to identify (i) the identity and cost of

each component or ingredient used in the manufacture of any Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product; (ii) each supplier of any such component or ingredient used in the manufacture of any Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**


**REQUEST NO. 11.**:  All documents and things constituting or concerning any contract, draft contract, agreement, or draft agreement between you and any Third Party including, but not limited to, Cheminova, LoradoChem, OmniPharm Limited, QEDetal Limited, QEDetal FZE, and Cipla, concerning the sale, offer for sale, development, manufacture, distribution, importation, licensing, marketing, and/or advertisement of Fipronil or a Fipronil-containing composition including, without limitation, any Velcera Fipronil-Methoprene Veterinary Product or Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**


**REQUEST NO. 12.**:  All documents concerning any payments made by you to, or received by you from any third-party including, but not limited to, Cheminova, LoradoChem, OmniPharm Limited, QEDetal Limited, QEDetal FZE, and Cipla, concerning the sale, offer for sale, development, manufacture, distribution, importation, licensing, marketing, and/or advertisement of any Velcera Fipronil-Methoprene Veterinary Product or Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**

**REQUEST NO. 13.**: All documents relating to any planned, anticipated or actual margins, profits, sales volume, and/or market share with respect to any Velcera Fipronil-Methoprene Veterinary Product and each Cipla Fipronil-Methoprene Veterinary Product.

**RESPONSE:**


**REQUEST NO. 14.**:  Copies of all business plans, economic projections, economic analyses, competitive assessments, Strengths, Weaknesses, Opportunities, and Threats (SWOT) analyses, product comparisons, or surveys or studies of customers or end-users concerning any Velcera Fipronil-Methoprene Veterinary Product, any Cipla Fipronil-Methoprene Veterinary Product, and/or FRONTLINE® Plus.

**RESPONSE:**


**REQUEST NO. 15.**:  Documents and things sufficient to identify and describe your pricing strategy with regard to each Velcera Fipronil-Methoprene Veterinary Product and Cipla Fipronil-Methoprene Veterinary Product including, but not limited to, actual or planned prices, price structures and incentive plans, competitor price comparisons, and/or market price trend analysis.

**RESPONSE:**


**REQUEST NO. 16.**:  All documents concerning actual or anticipated competition between any Velcera Fipronil-Methoprene Veterinary Product or Cipla Fipronil-Methoprene Veterinary Product and any other companion animal flea and tick product(s) including, but not limited to, FRONTLINE® Plus products.

**RESPONSE:**

**REQUEST NO. 17.**:  All documents concerning the marketing and/or advertising of any Velcera Fipronil-Methoprene Veterinary Products or Cipla Fipronil-Methoprene Veterinary Products including, but not limited to, marketing strategy, marketing and/or advertising budgets and expenditures (including the timing of such expenditures as well as the advertising channel in which they were made), and advertising media promoting any Velcera Fipronil-Methoprene Veterinary Products or Cipla Fipronil-Methoprene Veterinary Products.

**RESPONSE:**


**REQUEST NO. 18.**:  All of your bank statements from January 1, 2008 to present.

**RESPONSE:**


**REQUEST NO. 19.**:  All of your federal and state tax returns from January 1, 2008 to present.

**RESPONSE:**


**REQUEST NO. 20.**:  Documents sufficient to show the identity of and value of all of your assets in the United States.

**RESPONSE:**


**REQUEST NO. 21.**:  Documents sufficient to show the identity of each of Velcera's investors and the amounts invested by each such investor in Velcera.

**RESPONSE:**

**REQUEST NO. 22.**:    Documents sufficient to show the identity of each of Velcera's shareholders and the types, amounts, and values of all shares held by each such investor.

**RESPONSE:**


**REQUEST NO. 23.**:  Documents sufficient to show all payments (including, but not limited to, dividends, returns on investments, profits, or other payments) made by Velcera to any shareholder and/or investor of Velcera, including, but not limited to, documents sufficient to show the date, the amount, the payee, the payor, and the reason for any such payments.

**RESPONSE:**


**REQUEST NO. 24.**:  All documents created by you, provided by you to, or received by you from, any third-party, including, but not limited to any shareholder, investor, partner, customer, or supplier, concerning or discussing the '329 patent, this litigation, or any other actual or anticipated litigation involving the '329 patent.

**RESPONSE:**


**REQUEST NO. 25.**:    All documents concerning any attorneys' fees incurred by you in connection with this action, including, but not limited to, all billing statements or billing summaries provided to you by any current or former attorneys who have performed legal services for you in connection with this action, whether as counsel of record or otherwise.

**RESPONSE:**

**REQUEST NO. 26.**:  All documents concerning the commercial success, popularity, benefits, advantages, and/or consumer preference for Merial's FRONTLINE® Plus products.

**RESPONSE:**


**REQUEST NO. 27.**:  Documents sufficient to identify any non-infringing substitutes to the inventions claimed in the '329 patent that you contend existed prior to any infringement of the '329 patent by you.

**RESPONSE:**


**REQUEST NO. 28.**:  All documents concerning any attempts or efforts to copy and/or design around Merial's FRONTLINE® Plus products and/or the '329 patent.

**RESPONSE:**


**REQUEST NO. 29.**:  All documents, other than drafts of any documents, provided to or received from any expert or other consultant retained by you in connection with this action.

**RESPONSE:**


**REQUEST NO. 30.**:  All documents consulted, referenced, and/or reviewed in connection with, or are otherwise related to, your October 19 written accounting.

**RESPONSE:**


**REQUEST NO. 31.**:  All documents consulted, referenced, and/or reviewed in connection with, or are otherwise related to, your responses to Merial's Interrogatories to Velcera and FidoPharm,

served September 23, 2011.

**RESPONSE:**


**REQUEST NO. 32.**:  All documents concerning any document retention policy or program of

yours, past or present, that covers any document responsive to these requests.

**RESPONSE:**


Dated:  September 23, 2011


                                                           */s/ Matthew W. Howell*

| | |
|---|---|
| | Edward D. Tolley, Esq. |
| Judy Jarecki-Black, Ph.D., Esq. | (etolley@mindspring.com) |
| (judy.jarecki@merial.com) | Georgia Bar No. 714300 |
| Georgia Bar No. 801698 | COOK NOELL TOLLEY & BATES LLP |
| MERIAL LIMITED | 304 East Washington Street |
| 3239 Satellite Blvd. | P.O. Box 1927 |
| Duluth, Georgia  30096-4640 | Athens, GA 30603-1927 |
| Tel.: (678) 638-3805 | Tel.: (706) 549-6111 |
| Fax: (678) 638-3350 | Fax: (706) 548-0956 |
| | |
| J. Patrick Elsevier, Ph. D., Esq. | Frank G. Smith, III, Esq. |
| (jpelsevier@jonesday.com) | (frank.smith@alston.com) |
| Georgia Bar No. 246694 | Georgia Bar No. 657550 |
| JONES DAY | John W. Cox, Ph.D., Esq. |
| 12265 El Camino Real | (john.cox@alston.com) |
| Suite 200 | Georgia Bar No. 134059 |
| San Diego, California 92130-4096 | Matthew W. Howell, Esq. |
| Tel.: (858) 314-1200 | (matthew.howell@alston.com) |
| Fax.: (858) 314-1150 | Georgia Bar No. 607080 |
| | ALSTON & BIRD LLP |
| | One Atlantic Center |
| | 1201 West Peachtree Street |
| | Atlanta, Georgia 30309-3424 |
| | Tel.: (404) 881-7000 |
| | Fax: (404) 881-7777 |

*Counsel for Plaintiffs Merial Limited and Merial SAS*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| BASF AGRO B.V.,  MERIAL LIMITED, and MERIAL SAS, | |
| Plaintiffs, | |
| v. | Civil Case No. 3:07-cv-00125-CDL |
| CIPLA LIMITED, *et al.*, | |
| Defendants, and | |
| VELCERA, INC. and FIDOPHARM, INC., | |
| Intervenors. | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, a true and correct copy of the foregoing document was

served by electronic mail and overnight courier to the persons at the addresses below:

Neal J. Callahan                                    COUNSEL FOR DEFENDANT CIPLA LIMITED
WALDREP, MULLIN & CALLAHAN LLC
P.O. Box 351
105 13th Street
Suite B
Columbus, GA 31902
Tel:  706-320-0600
Email:  njc@waldrepmullin.com

Nagendra Setty                                      COUNSEL FOR DEFENDANT CIPLA LIMITED
FISH & RICHARDSON, P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, Georgia 30309
Tel:  404-892-5005
Email:  nsetty@fr.com

William L. Tucker                          COUNSEL FOR INTERVENORS
PAGE, SCRANTOM, SPROUSE,                    FIDOPHARM, INC. AND VELCERA, INC.
TUCKER & FORD, P.C.
Synovus Centre
111 Bay Avenue, 3rd Floor
P.O. Box 1199
Columbus, GA 31901
Tel:  706-324-0251
Email:  jcc@psstf.com

Michael S. French                          COUNSEL FOR INTERVENORS
WARGO & FRENCH LLP                          FIDOPHARM, INC. AND VELCERA, INC.
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel:  (404) 853-1500
Email: mfrench@wargofrench.com

Tryn Stimart                               COUNSEL FOR INTERVENORS
COOLEY LLP                                  FIDOPHARM, INC. AND VELCERA, INC.
777 6th Street, NW
Washington, DC 20001
Tel:  202-842-7800
Email:  tstimart@cooley.com

Jon G. Graves                              COUNSEL FOR INTERVENORS
 COOLEY LLP                                 FIDOPHARM, INC. AND VELCERA, INC.
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel:  706-456-8000
Email:  jgraves@cooley.com


Dated:  September 23, 2011                  *s/ Matthew W. Howell*
                                            Matthew W. Howell, Esq.
                                            (matthew.howell@alston.com)
                                            Georgia Bar No. 607080
                                            ALSTON & BIRD LLP
                                            One Atlantic Center
                                            1201 West Peachtree Street
                                            Atlanta, Georgia 30309-3424
                                            Tel.: (404) 881-7000
                                            Fax: (404) 881-7777

                                            *Counsel for Plaintiffs*
                                            *Merial Limited and Merial SAS*