IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 3:07-CV-00125-CDL |
| CIPLA LIMITED, *et. al.* | ) ) ) | |
| Defendants | ) ) | |
| and | ) ) | |
| VELCERA, INC. and FIDOPHARM, INC., | ) ) | |
| Intervenors. | ) ) | |

**INTERVENORS VELCERA, INC. AND FIDOPHARM, INC.'S
REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO STAY DAMAGES
PROCEEDINGS PENDING APPEAL OR IN THE ALTERNATIVE FOR AN
EXTENSION OF THE DISCOVERY PERIOD**

**I. INTRODUCTION**

Merial's response brief is a classic example of trying to distract the Court and confuse issues. Contrary to Merial's assertions, Velcera only seeks to stay the damages phase of these proceedings and does not seek to stay enforcement of this Court's prior injunction. Velcera has ceased all sales of PetArmor® Plus and has isolated all remaining inventory to prevent further sales or distribution. Thus, there is no risk of harm to Merial from further sales of PetArmor® Plus.

Additionally, Merial ignores the significance of the oral argument hearing at the

Federal Circuit. Oral argument is scheduled for January 11, 2012, and falls squarely in the middle of expert discovery—the most complex and time-consuming aspect of discovery in this case—and will predate the hearing on damages in this Court.[1] Given that oral argument in Velcera's appeal will take place in only a few short weeks, staying this case will not prejudice Merial and, more importantly, could prevent the parties and this Court from expending resources unnecessarily.

Due to Merial's ongoing intransigence during fact discovery, Velcera's Motion alternatively seeks a reasonable extension of the discovery period. As demonstrated by Velcera's need to file a Motion to Compel, Merial has repeatedly engaged in obstructionist tactics during this phase of the litigation. Merial's dismissive characterization of the relevance of the information sought in Velcera's Motion to Compel evidences Merial's unreasonable and cavalier attitude towards its discovery obligations in this case. Moreover, Merial filed its own Motion to Compel on November 30, 2011, setting in motion another round of briefing and issues for the Court to consider. It is unreasonable for Merial to demand that this Court resolve the discovery issues before the close of fact discovery on December 9, 2011. As such if Velcera's request for a stay is denied, Velcera respectfully requests that this Court extend discovery sixty days from its ruling on Velcera's Motion to Compel.

---

[1] Citing the Scheduling Order, Merial asserts that "the parties compromised and agreed on a hearing date targeted for late January or early February, 2012." (DE 125 at 2.) This Court's Scheduling Order provides, however, that the hearing date will be "determined by the Court." (DE 111 at 2.)

## II.  ARGUMENT AND CITATION OF AUTHORITY

**A.  The Damages Proceeding Should be Stayed Pending Resolution of Velcera's Appeal.**

Merial claims that this Motion is simply a rehash of Velcera's prior motions to stay.  (DE 124 at 1.)  Merial is wrong.  Velcera is seeking only a stay of the <u>damages</u> phase of this proceeding in the current Motion.  Velcera does <u>not</u> seek a stay of this Court's prior injunction.  Velcera has fully complied with this Court's prior injunction by ceasing all sales of PetArmor® Plus and by isolating all remaining inventory to prevent any further sale or distribution.  Therefore, there is <u>no risk</u> of harm to Merial from future sales of PetArmor® Plus.  By granting the current Motion, however, the Court would potentially "avoid a burdensome determination of damages."  *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1581 (Fed. Cir. 1994).

Merial's assertion that "a stay will not result in the conservation of legal or judicial resources" is also wrong.  (DE 125 at 7.)  Currently, there are three pending discovery motions before this Court that require additional briefing and rulings.  Given Merial's obstructionist tactics, it is likely that there will be additional motion practice if this proceeding is not stayed.[2]

Further, the parties have not begun conducting expert discovery which is likely to be the most costly and time-consuming aspect of this litigation.  The parties have

---

[2]  For example, Velcera has serious concerns about the multitude of inexplicable redactions made by Merial in its document production that could lead to additional motion practice in the near term.  Merial redacted entire sections of documents in its production making it impossible for Velcera to assess whether the redactions are proper under the Stipulated Protective Order for Damages-Sanctions Phase of Proceeding ("Protective Order").  (DE 110.)

designated seven experts.  The Joint and Stipulated Damages and Sanctions Phase Discovery Schedule (the "Scheduling Order") requires expert reports to be exchanged on December 22, 2011.  (DE 111 at 2.)  Expert depositions are scheduled to take place between January 16 and January 20, 2011—after oral argument has occurred in the Federal Circuit.  (*Id.*)

Merial claims that the only significance of the Federal Circuit's calendaring of oral argument in Velcera's appeal is that it "confirms with greater precision what the parties have long known."  (DE 125 at 1.)  There is a critical difference, however, between litigants' mere speculation and affirmative action by the appellate court.  Velcera's appeal will be heard on January 11, 2012.  Thus, it is certain that during the same time period that the parties and this Court are devoting substantial resources to the damages phase of this proceeding, the appellate court will be working on and even potentially issuing its ruling in Velcera's appeal.

Additionally, Merial's argument regarding Fed. R. Civ. P. 62(d) is inapposite.  First, Velcera is seeking an equitable stay under the Court's inherent authority to control its docket—not a stay under Rule 62(d). (DE 123 at 2.)  Second, Rule 62(d) authorizes a district court to stay a monetary judgment pending an appeal provided that the appellant posts a supersedeas bond.  *United States v. Wylie*, 730 F.2d 1401, 1402 n.2 (11th Cir. 1984).  Here, however, Velcera is only seeking a stay of the damages phase of this proceeding.  Velcera does not seek to stay the enforcement of any judgment.  Velcera has fully complied with this Court's prior injunction.  There is no risk of harm to Merial from future sales of PetArmor® Plus.  Therefore, Merial's reference to Rule 62(d) is simply a

red herring.

**B.    Merial's Calculated Pursuit of Simultaneous Legal Proceedings Against Velcera has Prejudiced Velcera's Ability to Defend this Case by Severely Straining its Internal Resources.**

Merial also ignores the relevant prejudice to Velcera if a stay is not issued. As noted in Velcera's initial brief, shortly after insisting upon an expedited fact discovery period in this case, Merial filed suit against Velcera for trade dress infringement based on the packaging of PetArmor®. Considering that at the time the trade dress case was launched, PetArmor® had been on the market for over seven months, it is apparent that the timing of the trade dress suit was deliberately calculated to prejudice Velcera by straining its internal resources.

Rather than address that prejudice, Merial shifts the discussion to the number of lawyers involved in this case. (DE 125 at 6.) Merial completely ignores that complex litigation requires a significant investment of time by the <u>employees and executives</u> of the party litigants. Outside counsel cannot operate in a vacuum and must rely on their clients to assist in developing their case and in responding to discovery. Merial's deliberate choice to file a trade dress infringement suit in the middle of the expedited discovery period set down in this case was plainly calculated to stretch the <u>internal</u> resources of Velcera to their limit and further impair Velcera's ability to defend this case and compete in the market. Thus, a stay is warranted to level the playing field and provide a fair opportunity for Velcera to defend itself in <u>both</u> proceedings pending before the Court.

C. **Merial's Failure to Comply with its Discovery Obligations Warrants Extending the Fact Discovery Period.**

Even if a stay is not granted, Merial's conduct necessitates an extension of the fact discovery period. Incredibly, Merial asserts that the discovery sought in Velcera's Motion to Compel "is of remote, if any, relevance to the damages-sanctions issues before this Court." (DE 125 at 7.) To the contrary, Velcera's Motion to Compel seeks complete responses to interrogatories and the production of documents that are directly relevant to the issues before the Court in this phase of the litigation. As indicated in the Contempt Order, the Court will determine the amount of civil contempt sanctions that it intends to award against Velcera. (*See* DE 75 at 47.) Because Velcera already has complied with this Court's prior injunction, the amount of any award must be limited to the actual losses that Merial has sustained as a result of Velcera's conduct. *See In re Chase & Sanborn Corp.*, 872 F.2d 397, 400–01 (11th Cir. 1989) (explaining that compensatory civil contempt sanctions "must be based on proof of the complainant's actual loss"). Nevertheless, Merial has refused to respond to any discovery aimed at determining Merial's actual losses, forcing Velcera to file its Motion to Compel.

Instead, Merial has insisted that the appropriate measure of compensatory sanctions in this case can be assessed through a "reasonable royalty" analysis. A reasonable royalty generally is calculated from "a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)." *Worldtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010). Notwithstanding the

6

various factors set out in *Georgia-Pacific*, Merial has refused to search its sales database or other documents for highly relevant information and commentary regarding, *inter alia*: the availability of non-infringing alternatives to Frontline® Plus; the efficacy of Frontline® Plus; the comparable efficacy of non-infringing alternatives to Frontline® Plus; the impact of PetArmor® Plus, if any, on sales of Frontline® Plus; and channels of distribution, including market and price segmentation.  *See Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571–72 (Fed. Cir. 1996) (approving consideration of availability of non-infringing device in determining reasonable royalty); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1163, 1168 (Fed. Cir. 1991) (approving consideration of evidence that infringer competed with lower priced competitors in determining a reasonable royalty).

     Merial also has refused to produce certain key reports and memoranda designated in a declaration of one of its top-level managers, Zachary T. Mills, regarding the sales, marketing, and competitors of Frontline® Plus.  Even more egregious is Merial's unwillingness to provide any discovery on the negotiation of any agreements relevant to a reasonable royalty analysis.  Information surrounding negotiations is relevant and routinely considered in a reasonable royalty analysis.  *See Finjan, Inc. v. Securing Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) (explaining that "use of past patent licenses under [the first *Georgia-Pacific* factor] must account for differences in the technologies and economic circumstances of the contracting parties"); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1120 (Fed. Cir. 1996) (upholding reasonable royalty award where the market contained no non-infringing alternatives); *Caterpillar,*

7

*Inc. v. Detroit Diesel Corp.*, No. 3:95CV489RM, 1997 WL 33165848, at *4–5 (N.D. Ind. Jan. 24, 1997) (holding that "sales, marketing, cost, and profit information" was discoverable because "the profitability, cost, and sales of a product are factors which are considered in determining a reasonable royalty . . . ."). Case law amply supports Velcera's position and Merial should have anticipated producing the information sought in Velcera's Motion to Compel.

      Finally, Merial implies that Velcera should have filed its Motion to Compel on an emergency basis. (DE 125 at 7.) Velcera did not seek to expedite its Motion to Compel and burden the Court with a myriad of emergency discovery motions. Notably, Merial recently filed a motion to compel against Velcera on November 30, 2011 and did not seek an expedited ruling on this motion. Velcera's response to Merial's motion to compel is not due until December 21, 2011 — nearly two weeks after the close of the fact discovery period. Thus, it is readily apparent that it will not be possible for the parties to complete fact discovery in this case by December 9, 2011. Therefore, Velcera respectfully requests that the Court grant an extension of the fact discovery period in these proceedings so that the parties can complete discovery in a reasonable and orderly fashion.

### III. CONCLUSION

      For the foregoing reasons, Velcera respectfully requests that this Court stay the damages proceeding pending resolution of Velcera's appeal. Alternatively, Velcera requests that this Court extend the fact discovery period until sixty days following a ruling on Velcera's Motion to Compel and stay any further deadlines set in the Scheduling Order until further notice.

Respectfully submitted this 2nd day of December, 2011

/s/ Michael S. French
Michael S. French
Georgia Bar No. 276680
mfrench@wargofrench.com
Elizabeth C. Murphy
Georgia Bar No. 116275
emurphy@wargofrench.com
WARGO & FRENCH LLP
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
(404) 853-1500

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**
William L. Tucker
Ga. Bar No.: 718050
James C. Clark, Jr.
Ga. Bar No.: 127145
Thomas F. Gristina
Ga. Bar No.: 452454
Kirsten C. Stevenson
Ga. Bar No.: 801101
1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

**COOLEY LLP**
Jonathan G. Graves (of counsel)
Va. Bar No.: 46136
Phillip E. Morton (of counsel)
Va. Bar No.: 71299
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

                                        Tryn T. Stimart (of counsel)
                                        DC Bar No.: 498475
                                        777 6th Street NW, Suite 1100
                                        Washington, DC 20001
                                        Telephone: (202) 842-7800
                                        Facsimile: (202) 842-7899

                                        *Attorneys for Intervenors Velcera,*
                                        *Inc. and FidoPharm, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS ) ) ) | |
| Plaintiffs, ) ) | |
| ) | CIVIL ACTION FILE |
| v. ) ) | NO. 3:07-CV-00125-CDL |
| CIPLA LIMITED, *et. al.* ) ) | |
| Defendants ) ) | |
| and ) ) | |
| VELCERA, INC. and FIDOPHARM, INC., ) ) | |
| Intervenors. ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2011, I electronically filed the foregoing Intervenors Velcera, Inc. and Fidopharm, Inc.'s Reply Brief in Support of Emergency Motion to Stay Damages Proceedings Pending Appeal or in the Alternative for an Extension of the Discovery Period.  I also certify that the foregoing document is being served on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Edward D. Tolley
Cook, Noell, Tolley, Bates & Michael, LLP
304 East Washington Street
P.O. Box 1927
Athens, GA  30603-1927

Judy Jarecki-Black
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640

| | |
|---|---|
| J. Patrick Elsevier<br>Jones Day<br>12265 El Camino Real<br>Suite 200<br>San Diego, CA 92130-4096 | Frank G. Smith, III<br>John W. Cox<br>Matthew W. Howell<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424 |
| Neal J. Callahan<br>Waldrep, Mullin & Callahan LLC<br>P.O. Box 351<br>105 13th Street, Suite B<br>Columbus, GA 31902 | Nagendra Setty (of counsel)<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center<br>Seventeenth Floor<br>San Francisco, CA 94111 |
| Paul W. Garrity<br>Mark E. McGrath<br>Sheppard Mullin Richter & Hampton LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 | |
| | /s/ Michael S. French<br>Michael S. French<br>Georgia Bar No. 276680<br>mfrench@wargofrench.com<br>WARGO & FRENCH LLP<br>999 Peachtree Street, NE<br>26th Floor<br>Atlanta, Georgia  30309<br>(404) 853-1500<br><br>*Attorney for Intervenors Velcera, Inc. and FidoPharm, Inc.* |