# EXHIBIT 3

Case 3:07-cv-00125-CDL   Document 163-4   Filed 02/06/12   Page 1 of 3



Jonathan G. Graves  
T: 703 456 8119  
jgraves@cooley.com

VIA EMAIL FRANK.SMITH@ALSTON.COM

January 18, 2012

Frank G. Smith III, Esq.  
Alston & Bird LLP  
One Atlantic Center  
1201 West Peachtree Street  
Atlanta, GA 30309-3424

**RE: Merial Limited et al. v Cipla Limited et al. (No. 07-cv-0125 (CDL))**

Dear Frank:

I write regarding serious violations by Merial and its counsel of the terms of the Protective Order entered in *BASF Agro B.V. et al. v Cipla Limited et al.* (Civ. A. No. 07-cv-125-CDL) (the "Georgia Action") in connection with Merial's January 17, 2012 filing in *FidoPharm, Inc. v. Merial Limited* (Civ. A. No. 11-1285-GMS) (the "Delaware Action").

On January 3, 2012, you sent a letter to Tryn Stimart requesting certain information regarding FidoPharm's new fipronil and s-methoprene containing product, purportedly for purposes of Merial's assessment of FidoPharm's pending Motion for Clarification. In your letter, you noted that any such disclosure by FidoPharm would be "governed by the existing Protective Order" in the Georgia Action. In response to your letter, on January 6, 2012, FidoPharm provided to Merial's counsel certain information and documents, some of which were expressly designated as Highly Confidential Attorneys' Eyes Only under the Protective Order.

In reviewing Merial's filing in the Delaware Action, we were shocked to discover that Merial publicly filed FidoPharm's Highly Confidential Attorneys' Eyes Only information in Exhibit 1 to the Declaration of Jason J. Rawnsley. Merial's actions violate the Protective Order in the several respects.

First, Merial's counsel in the Georgia Action apparently provided FidoPharm's designated materials to counsel at the firm Richards, Layton & Finger, P.A. As you know, the Protective Order provides that only counsel assisting in the Georgia Action may have access to designed materials. (*See* Section VI.B).

Second, Merial used FidoPharm's Highly Confidential Attorneys' Eyes Only information from the Georgia Action in the Delaware Action. As clearly set forth in the Protective Order, absent written permission from the Court or FidoPharm, designated materials cannot be used in another action. (*See* Sections III.B, VI and IX).

Moreover, compounding its misuse of FidoPharm's Highly Confidential Attorneys' Eyes Only information, Merial's counsel also disclosed that information to the public through its filing in the Delaware Action, allowing anyone, including FidoPharm's competitors, to access the



Frank G. Smith III, Esq.
January 18, 2012
Page Two

information.  As plainly described in the Protective Order entered in the Georgia Action, the parties are required to handle designated materials in a special manner and follow detailed procedures when filing documents containing or referencing designated materials.  (*See* Section VIII).  Thus, even if it were proper for Merial to use FidoPharm's confidential information about its pending product for purposes of the Delaware Action, which it clearly is not, Merial's counsel further failed to comply with the procedures set forth in the Protective Order to protect that information.

We understand that Mr. Rawnsley's Declaration and the Exhibits attached thereto were placed under seal this afternoon after we informed Mr. Rawnsley of Merial's violations of the Georgia Protective Order, but that does not address Merial's improper use of FidoPharm's Highly Confidential information for purposes of the Delaware Action.  Accordingly, FidoPharm demands that Merial withdraw the papers filed in the Delaware Action and re-file them without any disclosure of or reliance upon any FidoPharm Highly Confidential information from the Georgia Action, including the correspondence filed in Exhibit 1 to the Rawnsley Declaration.  FidoPharm also demands that Merial immediately disclose: (i) the names of all individuals who are not qualified under the Georgia Protective Order but nevertheless have had access to FidoPharm's Highly Confidential Attorneys' Eyes Only information; (ii) whether any of FidoPharm's designated information has been disseminated or otherwise made available to employees at Merial or its parent company; and (iii) the names of all individuals who have disclosed FidoPharm's Highly Confidential Attorneys' Eyes Only information to persons not qualified under the Georgia Protective Order.  FidoPharm further demands that Merial take all necessary steps to retrieve all FidoPharm Highly Confidential Attorneys' Eyes Only information that was disclosed in violation of the Georgia Protective Order.

There is absolutely no excuse for Merial's actions, and Merial's violations of the Protective Order validate FidoPharm's previously-stated concerns about the extent of Merial's access to FidoPharm's confidential information regarding its new combination product and prior formulations.  FidoPharm reserves all rights to seek appropriate relief for Merial's violations of the Protective Order.

Sincerely,

*/s/ Jonathan G. Graves*

cc:   Counsel of Record (via e-mail)