UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*,<br><br>Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

**PLAINTIFFS MERIAL LIMITED AND MERIAL SAS'S RESPONSE TO INTERVENORS VELCERA, INC. AND FIDOPHARM, INC.'S MOTION TO TREAT PENDING MOTION FOR CLARIFICATION OF THE JUNE 21, 2011 PERMANENT INJUNCTION AS AN EMERGENCY MOTION**

Plaintiffs Merial Limited and Merial SAS (collectively, "Merial") submit this response to Intervenors Velcera, Inc. and FidoPharm, Inc.'s (collectively, "Velcera's") Motion to Treat Pending Motion for Clarification of the June 21, 2011 Permanent Injunction as an Emergency Motion ("Velcera's Emergency Motion"). For the reasons set forth below, both Velcera's Emergency Motion and its underlying Motion (D.I. 148, 149) should be denied.

**I.   Velcera All But Concedes That It Intends to Violate This Court's June 21, 2011 Order.**

Adjudged infringers such as Velcera have "an affirmative duty to take 'energetic steps' to do 'everything in their power' to assure compliance, and this duty not only means 'not to cross the line of infringement, but to stay several healthy steps away.'" *In re Benun*, 386 B.R. 59, 115 (D.N.J. 2008) (quoting *In the Matter of Certain Lens-Fitted Film Packages*, Inv. No. 337-TA-

406, Enforcement Proceeding II, at 16 (Int'l Trade Comm'n January 14, 2005)); *see also KSM Fastening Sys., Inc. v. H.A. Jones*, 776 F.2d 1522, 1535 (Fed. Cir. 1985) (quoting *Calcugraph Co. v. Wilson*, 136 F. 196, 199 (C.C.D. Mass. 1905) ("The attempt to see how near one can come to an infringement and escape it involves great danger, and is not looked upon with favor by the courts.")).

Far from taking "affirmative, energetic steps" to avoid and respect Merial's patent rights and this Court's injunction, however, Velcera seems intent on seeing what it can get away with. Velcera now seeks "emergency" relief to sell products which have the same active ingredients, fipronil and methoprene, in the same *concentrations* (*e.g.,* respectively 9.8% and 8.8% in the products for dogs) as the Cipla-developed PetArmor Plus products, Velcera's sales of which this Court found violate Merial's '329 Patent and this Court's March 6, 2008 Order (*see* D.I. 18; D.I. 157 at 7-8; D.I. 75 at 35-36 at ¶ 16).[1]  If it so chose, Velcera could have sought to develop flea and tick products that clearly do not violate the Court's June 21, 2011 Order or Merial's patent rights.  Both Velcera's CEO Dennis Steadman and Merial's Expert Dr. Leonore Witchey-Lakshmanan testified at the Court's May 17, 2011 hearing that there were a number of different active ingredients that Velcera could choose to use that would not violate Merial's patent rights (*see, e.g.,* D.I. 52 at 50 at ¶ 171).

---

[1] Velcera represented to the Court in its opening Motion for Clarification that it had developed purportedly "new fipronil and s-methoprene formulations" but misleadingly failed to disclose that (i) its purportedly newly developed formulations have the same exact *concentrations* of fipronil (*e.g.,* 9.8% for dogs), s-methoprene (*e.g.,* 8.8% for dogs) and "other" ingredients (*e.g.,* 81.4% for dogs) as the Cipla-developed (and enjoined) PetArmor Plus products and (ii) Velcera was recycling its Cipla-related EPA submissions for the enjoined PetArmor Plus products by scratching out the Cipla-related EPA product registration numbers and stenciling in the "new" EPA product registration numbers (*see* D.I. 157 at 7-8).  It was only after Merial independently discovered and brought to the Court's attention a December 14, 2011 EPA submission showing these facts (*see id.*) that Velcera confessed. Velcera's failure to be candid with the Court and Merial, along with its refusal to provide any of the other information requested by Merial, makes one wonder what other information Velcera may be withholding about its purportedly "new" products.

Significantly, apparently still blinded by potential riches, Velcera stubbornly persists to attempt to market products that have the same combination of active ingredients in the same concentrations as Merial's Frontline Plus products and the previously enjoined PetArmor Plus products, even though compositions having those active ingredients, in combination with at least one customary spot-on formulation adjuvant, have been adjudicated to infringe Merial's '329 Patent (*see, e.g.,* D.I. 75 at 35-36 at ¶ 16).

Further, this Court has already enjoined Velcera from selling products denominated "PetArmor Plus":

> *Velcera is herewith permanently enjoined from selling*, causing to be sold, offering for sale, and causing to be offered for sale in the United States veterinary products *for which Cipla participated in the development*, manufacture, and/or packaging, *which products contain fipronil and methoprene,* regardless of brand name, *including but not limited to* the veterinary products Protektor Plus, *PetArmor Plus*, TrustGard Plus, and Velcera Fipronil Plus.

(D.I. 75 at 47-48 (emphasis added).)  Velcera, however, seeks the Court's blessing to sell the purportedly "new PetArmor Plus" products even though it has not disclosed to the Court or Merial any differences between the purportedly "new PetArmor Plus" products and the "old" PetArmor Plus products.  Accordingly, Velcera has provided no basis by which this Court could possibly determine whether Velcera's "new" products are the same as, or not colorably different from, the enjoined "old" PetArmor Plus products.

To the contrary, given that Velcera's purportedly "new PetArmor Plus" products (i) have the same active ingredients in the same concentrations (*see* D.I. 157 at 7-8); (ii) rely on the same EPA submissions (*id.*); and (iii) appear to have the same name (*see* D.I. 171-1 at 1-2, identifying product as the "new PetArmor Plus") as the enjoined PetArmor Plus products, Velcera all but concedes that it intends to violate the Court's June 21, 2011 Order.  Thus, there is simply no

reason for this Court to grant Velcera's Motion for Clarification on an expedited basis, or otherwise.

## II. Velcera's Motion to Clarify Does Not Warrant "Emergency" Treatment.

Any purported "emergency" is one of Velcera's own creation and one for which it should bear the risk, not Merial. As noted above, Velcera could have avoided any "emergency" by choosing to develop flea and tick products that did not have the same active ingredients as the Cipla-developed, enjoined products, but it chose not to. Likewise, Velcera long ago could have easily, and at no harm to itself, provided the Court and Merial with all of the relevant information needed for this Court to determine whether Velcera's new "PetArmor Plus" product infringes Merial's patent and violates this Court's Order, but Velcera has steadfastly refused to provide this information (*see* D.I. 157 at 3-7). Velcera has not even disclosed to the Court or Merial the complete composition of its purportedly "new" products, or the compositions of all of the formulations previously developed by Cipla in concert with Velcera. Without such information—which Velcera has refused to provide even under the Protective Order in this case—it is unfathomable how Velcera expects that this Court could determine that its purportedly "new" product would not violate this Court's Order and Merial's patent rights.

In addition, Velcera does not identify any potential irreparably injury to it to justify its expedited relief. *See Blitz, U.S.A., Inc. v. Liberty Surplus Ins. Corp.*, No. 11-cv-0256, 2011 WL 1674998, at *3 (N.D. Okla. May 4, 2011) (denying emergency motion given the absence of "an actual emergency creating a need to prevent irreparable harm to plaintiff" since relief sought was essentially monetary relief); *see also Niebla v. Florida Dep't of Corr.*, No. 2:07-cv-412, 2007 WL 2021835, at *1 (M.D. Fla. July 12, 2007) (an emergency pleading "should be used only in extraordinary circumstances, when there is a true and legitimate emergency."); *cf. In re Hall*,

- 5 -

Nos. 10-4057, 10-4058, 06-4058, 06-40872, 2010 WL 2557334, at *2 (D. Kan. June 24, 2010) (under Kansas law, "a party seeking expedited action must show the threat of irreparable harm by affidavit, and conclusory, speculative, or vague allegations are insufficient to show irreparable harm for purposes of emergency review").  Velcera is motivated simply by its desire to make money selling generic Frontline Plus products (*see* D.I. 171-1 at 1-2 (representing that it needs emergency treatment of its Motion to Clarify so that its purportedly "new" products may "compete in the market this [flea and tick] season.")).

Velcera's desire to make money, however, stands in contrast to, and is outweighed by, the irreparable harm that will be inflicted on Merial should Velcera be provided (without full disclosure) this Court's blessing to launch its purportedly "new" PetArmor Plus products on the market only to later learn that the products violate this Court's June 21, 2011 Order and/or Merial's patent rights.  This Court has already found that Merial suffered an irreparably injury when Velcera sold the infringing PetArmor Plus products despite an order from this Court barring it from doing precisely that (*see* D.I. 75 at 42-45).[2]  There is no protection for Merial should Velcera's purportedly "new" product fall within the scope of the Court's injunction. Velcera, an adjudged contemnor, should not be able to again expose Merial to irreparable harm by requesting an expedited blessing on products with the same name, the same active ingredients, in the same concentrations as the enjoined PetArmor Plus products and which also rely on the EPA submissions of the enjoined products.  *See KSM*, 776 F.2d at 1535 (quoting *Smith Int'l Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 n.8 (Fed. Cir. 1983)) ("The preservation of judicial authority requires that '[t]he burden of avoiding infringement at the risk

---

[2] Indeed, such irreparable harm to Merial continues to this day as the infringing PetArmor Plus products are still available for sale by some retailers.

of contempt falls on the one enjoined.'"). In short, Velcera should not be able to inflict irreparable injury on Merial, let alone on the expedited basis it now proposes.

## CONCLUSION

For the reasons set forth herein, Velcera's Motion to Treat Pending Motion for Clarification of the June 21, 2011 Permanent Injunction as an Emergency Motion, as well as Velcera's underlying motion for clarification, should both be denied.

Respectfully submitted this 20th day of March, 2012.

                                                                                 */s/ Matthew W. Howell*
                                                                                 Edward D. Tolley, Esq.

| | |
|---|---|
| Judy Jarecki-Black, Ph.D., Esq. | (etolley@mindspring.com) |
| (judy.jarecki@merial.com) | Georgia Bar No. 714300 |
| Georgia Bar No. 801698 | COOK NOELL TOLLEY & BATES LLP |
| MERIAL LIMITED | 304 East Washington Street |
| 3239 Satellite Blvd. | P.O. Box 1927 |
| Duluth, Georgia 30096-4640 | Athens, GA 30603-1927 |
| Tel.: (678) 638-3805 | Tel.: (706) 549-6111 |
| Fax: (678) 638-3350 | Fax: (706) 548-0956 |
| | |
| J. Patrick Elsevier, Ph. D., Esq. | Frank G. Smith, III, Esq. |
| (jpelsevier@jonesday.com) | (frank.smith@alston.com) |
| Georgia Bar No. 246694 | Georgia Bar No. 657550 |
| JONES DAY | John W. Cox, Ph.D., Esq. |
| 12265 El Camino Real | (john.cox@alston.com) |
| Suite 200 | Georgia Bar No. 134059 |
| San Diego, California 92130-4096 | Matthew W. Howell, Esq. |
| Tel.: (858) 314-1200 | (matthew.howell@alston.com) |
| Fax.: (858) 314-1150 | Georgia Bar No. 607080 |
| | ALSTON & BIRD LLP |
| | One Atlantic Center |
| | 1201 West Peachtree Street |
| | Atlanta, Georgia 30309-3424 |
| | Tel.: (404) 881-7000 |
| | Fax: (404) 881-7777 |

*Counsel for Plaintiffs Merial Limited and Merial SAS*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS,<br><br>Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*,<br><br>Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.,<br><br>Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2012, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will provide notification of this filing to all attorneys of record.

Dated:  March 20, 2012

*s/ Matthew W. Howell*
Matthew W. Howell, Esq.
(matthew.howell@alston.com)
Georgia Bar No. 607080
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiffs*
*Merial Limited and Merial SAS*

- 7 -