UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED and MERIAL SAS<br><br>        Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*<br><br>        Defendants<br><br>and<br><br>VELCERA, INC. and FIDOPHARM, INC.,<br><br>        Intervenors. | Case No. 3:07-CV-00125-CDL |

**INTERVENORS VELCERA, INC. AND FIDOPHARM, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO TREAT PENDING MOTION FOR CLARIFICATION OF THE JUNE 21, 2011 PERMANENT INJUNCTION AS AN EMERGENCY MOTION**

Intervenors Velcera, Inc. and FidoPharm, Inc. (collectively, "FidoPharm") hereby submit this reply in support of their memorandum in support of their Pending Motion for Clarification as an Emergency Motion.

Merial's response (DE 173) exemplifies precisely why FidoPharm is requesting that the Court clarify its June 21, 2011 Order and why the Court should view the issue as an emergency under the circumstances.[1]  As plainly revealed, Merial's view of the Court's Order is that FidoPharm is permanently enjoined from selling a product with fipronil and s-methoprene in the

---

[1] Merial's response also seeks to minimize the urgent nature of FidoPharm's request as portraying itself as a victim in this situation.  In reality, Merial is seeking to avoid ever having to face competition in the marketplace and expose its '329 patent to a full litigation on the merits.  Also, Merial's view that it cannot seek relief against competition is undermined by its unwillingness to litigate the merits of the '329 patent in FidoPharm's complaint for declaratory relief currently pending in the United States District Court for the District of Delaware.

same concentrations as Frontline Plus *irrespective* of whether Cipla had any role in the development, manufacturing or packaging of FidoPharm's new PetArmor® Plus product. Merial's grossly overbroad interpretation of the Court's Order completely distorts reality. The Court's Order permanently enjoins FidoPharm from:

> (1) selling veterinary products containing fipronil and s-methoprene "*for which Cipla participated* in the development, manufacture, and/or packaging . . . ." or
>
> (2) making, using, importing or selling "veterinary products that contain fipronil and methoprene" *in "active concert with" Cipla*.

(DE 75 at 47-48) (emphasis added.) Importantly, the Court added the limitations as applying to restrict the scope of its injunction so it would only apply for the products at issue where Cipla participated in the development, manufacturing or packaging processes or where FidoPharm is in active concert with Cipla. Equally as important, the Order expressly noted that *"[t]he Court intends to limit the specific injunctive relief against Velcera [FidoPharm] to its conduct in concert with Cipla.*" (*Id*. at 48, n.11.) (emphasis added).

Contrary to Merial's distorted view, the Court has not permanently enjoined FidoPharm from selling a firponil and s-methoprene combination product where Cipla *is not involved*. And rightly so. As Velcera stated in its opening brief (DE 148), the Federal Circuit has held that "[h]aving a relationship to an enjoined party of the sort set forth in Rule 65(d) exposes a non-party to contempt for assisting the party to violate the injunction, but does not justify granting injunctive relief against the nonparty in its separate capacity." *Additive Controls & Measurement Sys. v. Flowdata Inc.*, 96 F.3d 1390, 1395-96 (Fed. Cir. 1996) ("*Adcon I*").

Under Merial's view of the law and this Court's Order, FidoPharm is forever tainted by the Court's finding of contempt of the March 6, 2008 Order even if it *independently* develops a new formulation without any assistance from Cipla, as is the case with FidoPharm's new

formulation.[2]  Merial's view is simply wrong and entirely inconsistent with an established body of law as well as this Court's own clarification of its June 21, 2011 Order.  Accordingly, FidoPharm respectfully requests that the Court treat its pending motion (DE 148) as an emergency under the circumstances and issue an Order consistent with FidoPharm's request for clarification.

Respectfully submitted this 21st day of March, 2012.

*/s/ Tryn T. Stimart*
**COOLEY LLP**
Jonathan G. Graves (of counsel)
Va. Bar No.: 46136
Phillip E. Morton (of counsel)
Va. Bar No.: 71299
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190
(703) 456-8000

Tryn T. Stimart (of counsel)
DC Bar No.: 498475
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 842-7800

**WARGO & FRENCH LLP**
Michael S. French, Esq.
Georgia Bar No. 276680
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia  30309
(404) 853-1500

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**
William L. Tucker
Ga. Bar No.: 718050

---

[2] Merial's egregious attempt to mislead the Court into believing that FidoPharm has not offered to provide its confidential information completely distorts the truth.  As FidoPharm explained in its opening brief, it is willing to provide access to its confidential information under reasonable terms.

-3-

        James C. Clark, Jr.
        Ga. Bar No.: 127145
        Thomas F. Gristina
        Ga. Bar No.: 452454
        Kirsten C. Stevenson
        Ga. Bar No.: 801101
        1111 Bay Avenue, Third Floor
        Columbus, Georgia 31901
        (706) 324-0251

        *Attorneys for Intervenors Velcera, Inc. and FidoPharm, Inc.*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OFGEORGIA
ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED and MERIAL SAS<br><br>    Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*<br><br>    Defendants<br><br>and<br><br>VELCERA, INC. and FIDOPHARM, INC.,<br><br>    Intervenors. | Case No. 3:07-CV-00125-CDL |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2012, the foregoing INTERVENORS VELCERA, INC. AND FIDOPHARM, INC.'S REPLY IN SUPPORT OF THEIR MEMORANDUM IN SUPPORT OF MOTION TO TREAT PENDING MOTION FOR CLARIFICATION OF THE JUNE 21, 2011 PERMANENT INJUNCTION AS AN EMERGENCY MOTION was filed electronically with the Clerk of Court using the CM/ECF system, which will provide notification of this filing to all attorneys of record and was served by electronic mail to all counsel of record identified below:

Edward D. Tolley
Cook, Noell, Tolley, Bates & Michael, LLP
304 East Washington Street
P.O. Box 1927
Athens, GA  30603-1927

Judy Jarecki-Black
Merial Limited
3239 Satellite Blvd.
Duluth, GA 30096-4640

J. Patrick Elsevier
Jones Day
12265 El Camino Real

Frank G. Smith, III
John W. Cox
Matthew W. Howell

-1-

-2-

| | |
|---|---|
| Suite 200<br>San Diego, CA 92130-4096 | Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424 |
| Neal J. Callahan<br>Waldrep, Mullin & Callahan LLC<br>P.O. Box 351<br>105 13th Street, Suite B<br>Columbus, GA 31902 | Nagendra Setty (of counsel)<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center<br>Seventeenth Floor<br>San Francisco, CA 94111 |
| Paul W. Garrity<br>Mark E. McGrath<br>Sheppard Mullin Richter & Hampton LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 | |

                                            */s/ Tryn T. Stimart*
                                            Tryn T Stimart, Esq.
                                            tstimart@cooley.com
                                            Cooley LLP
                                            777 6th Street N.W. Suite 1100
                                            Washington, DC 20001
                                            (202) 842-7800

                                            *Attorney for Intervenors Velcera, Inc. and*
                                            *FidoPharm, Inc.*