**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS<br><br>    Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al*.,<br><br>    Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>    Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

# EXHIBIT 3

**TO VELCERA'S SUPPLEMENTAL MEMORANDUM**
**OPPOSING MERIAL'S CONTEMPT MOTION**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

ATHENS DIVISION

| | |
|---|---|
| BASF AGRO B.V.; MERIAL LIMITED; and MERIAL SAS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CIPLA LIMITED; PETMEDS R US; GENERIC PETMEDS; PETCARE PHARMACY; ARCHIPELAGO SUPPLIERS; ARROWTARGET ENTERPRISES, LTD; INHOUSE DRUGSTORE; and LISA PERKO, | ) CIVIL ACTION NO. ) 3:07-CV-00125 ) ) ) MAY 16, 2011 ) ) MOTION HEARING ) |
| Defendants, | ) VOLUME I OF II ) |
| and | ) ) |
| VELCERA, INC., and FIDOPHARM, INC. | ) ) ) |
| Intervenors. | ) |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE CLAY D. LAND,

UNITED STATES DISTRICT JUDGE

Proceedings recorded by mechanical stenography; transcript produced by computer.

BETSY J. PETERSON, RPR, CCR
Federal Official Court Reporter
Post Office Box 81
Columbus, Georgia  31902
(706) 317-3111

1  have moved for a preliminary injunction.  We have a preexisting
2  patent infringement action in the district court in Delaware,
3  where they have counterclaimed --
4          THE COURT:  This is not a patent infringement action,
5  as I see it.  I understand it's related.  But what I see them
6  asking for is that you -- I'm not saying you did.  I'm just
7  saying the way I've read the briefs that everybody has filed is
8  that you aided CIPLA in the violation of this Court's previous
9  injunction; and therefore, they were coming in today -- what I
10 thought -- to prove that CIPLA violated the injunction and that
11 you aided and abetted them in violating the injunction and that
12 their hope was to convince me of that; and if they did, then
13 they were seeking as their relief today for me to take whatever
14 remedy was necessary to remediate your violation of the
15 injunction and your aiding and abetting of the violation of the
16 injunction.
17         Whether we want to call that a preliminary injunction
18 or not, when you read the papers, that's clearly what they were
19 seeking.  And whether that would be done in an order
20 preliminary in nature, such that I would -- if I found in their
21 favor, I would say until we have a final final hearing on the
22 merits, you're prevented from doing all those things, or
23 whether today was the final trial, clearly all the parties
24 should have known that they should be prepared to defend
25 against what they were seeking.  And all I want to do is get

1  seemed to say aiding and abetting.
2          MR. GRAVES:  But the new theory they introduced on
3  Friday night -- and it's in this reply brief that I was just
4  served with 15 minutes ago, before we started these
5  proceedings -- it's an induced infringement theory under 271(b)
6  of the patent --
7          THE COURT:  But isn't their induced infringement
8  theory factually substantially the same as their aiding and
9  abetting and their -- maybe it's not.  But factual -- and I
10 understand legally the standard may be different.  But as I
11 understand it, they have asserted that CIPLA -- and by
12 addressing all this to you, I'm not suggesting that I'm
13 accepting what they're saying or not.  I'm just trying to -- I
14 want to get down to the nut of the issue.  And I just want to
15 make sure that we're able to do that.
16         But my understanding is, the plaintiffs' theory is
17 that CIPLA -- and we're going to get into jurisdiction and all
18 that; we'll address all that -- but that CIPLA was ordered
19 through an injunction that they could not sell this product in
20 the United States or cause it to be sold in the United States
21 ==and that== the plaintiffs' contention is that the product that
22 was the subject of that injunction is now being sold in the
23 United States, because CIPLA has done an end run -- this is
24 what I understand their theory to be -- has done an end run
25 around the Court's injunction, knowing that they could not

1  directly sell the product in the United States and comply with
2  the Court's injunction; that CIPLA has done this end run, where
3  they've gotten together with Velcera and have gotten Velcera to
4  assist and aid and abet them to do exactly what they couldn't
5  do directly; and that because of that, Velcera, having
6  knowledge of the injunction and having knowledge of it,
7  knowingly assisted them in violating the injunction, either
8  because they acted in concert with, or they aided and abetted,
9  or because they induced them to violate the patent which was
10 the subject of the order.
11         Now, I don't envision us today getting into the
12 legitimacy -- I may be wrong; somebody could show me why it's
13 relevant -- the legitimacy of the underlying patent at this
14 point.  The way I see it, it's whether -- it's the injunction.
15 It's whether CIPLA violated it.  And then it's whether Velcera
16 aided and abetted or acted in concert to allow CIPLA to violate
17 it.
18         Now, this extra theory on inducement, maybe there's
19 some aspects of that that go to the validity of the patent that
20 maybe you may not be prepared to go into today, but I can't see
21 how you would not be prepared to address with evidence the
22 issue of what you did, if anything, to aid and abet or act in
23 concert with CIPLA to violate the patent.
24         MR. GRAVES:  We --
25         THE COURT:  Or to violate the order, not the patent