**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| BASF AGRO B.V., MERIAL LIMITED, and MERIAL SAS<br><br>    Plaintiffs,<br><br>v.<br><br>CIPLA LIMITED, *et al.*,<br><br>    Defendants, and<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>    Intervenors. | Civil Case No. 3:07-cv-00125-CDL |

# EXHIBIT 4

**TO VELCERA'S SUPPLEMENTAL MEMORANDUM**
**OPPOSING MERIAL'S CONTEMPT MOTION**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

ATHENS DIVISION

BASF AGRO B.V.; MERIAL LIMITED; )
and MERIAL SAS,                  )
                                 )
      Plaintiffs,           )
                                 )
vs.                              )
                                 )
CIPLA LIMITED; PETMEDS R US;     )
GENERIC PETMEDS; PETCARE         ) CIVIL ACTION NO.
PHARMACY; ARCHIPELAGO            ) 3:07-CV-00125
SUPPLIERS; ARROWTARGET           )
ENTERPRISES, LTD; INHOUSE        ) JUNE 8, 2011
DRUGSTORE; and LISA PERKO,       )
                                 ) CLOSING ARGUMENTS
      Defendants,           )
                                 )
and                              )
                                 )
VELCERA, INC., and FIDOPHARM,    )
INC.                             )
                                 )
      Intervenors.          )

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE CLAY D. LAND,

UNITED STATES DISTRICT JUDGE

Proceedings recorded by mechanical stenography; transcript produced by computer.

BETSY J. PETERSON, RPR, CCR
Federal Official Court Reporter
Post Office Box 81
Columbus, Georgia  31902
(706) 317-3111

1  there was such a fundamental failure of proof on the personal
2  jurisdiction and the no-colorable-differences issue that it
3  wouldn't be necessary for this Court to get into issues of
4  claim interpretation and application of the claim terms to the
5  product.  And we were loathe to do that, quite frankly, given
6  the preexisting Delaware action and the argument I was afraid I
7  would hear -- which I'm now hearing -- which is we've had our
8  shot here and that's it on the merits of the '329 patent, and
9  we're barred from ever dealing with those issues again.
10            THE COURT:  That's what I'm trying to find out.  Is
11  that what's driving this, I mean, your concern that a decision
12  in this court could be -- could collaterally estop you from
13  raising claim construction issues in the Delaware court?
14            MR. GRAVES:  And noninfringement position.  That is a
15  concern.  I think on this record, though, the record that
16  Merial hastily tried to make on day two of the hearing,
17  after --
18            THE COURT:  My view would be all I'm deciding is
19  whether there's a violation of the Court's order and whether
20  somebody ought to be held in contempt.  It would be my view
21  that that would not be binding on the Delaware court in its
22  issue of infringement.  If I determined that this patent was
23  valid, I would be determining that I -- this would have been my
24  impression all along, until I've heard your argument -- my
25  impression, what I would be determining if, for purposes of

1    deciding contempt, it's valid or not.  And that may be based
2    not upon evidence but upon the fact that CIPLA was in default
3    and did not answer the complaint and, therefore, the allegation
4    in the complaint that it's valid is deemed to be admitted.  But
5    I don't see how that would collaterally estop you from arguing
6    that it's invalid in your Delaware action, since my decision
7    may be based on CIPLA's default and, therefore, you've not had
8    an opportunity for purposes of the infringement action to
9    litigate that.
10            But what I'm trying to find out is, even if -- if my
11   decisions were only binding on you as to the contempt action,
12   do you still believe you should've had opportunity for
13   additional discovery in this action, or is what's driving your
14   concern the binding nature of it in the Delaware action?
15            MR. GRAVES:  Well, it's both.  And the level of
16   concern, I suppose, really depends significantly on how far the
17   Court feels it needs to go in terms of what issues are to be
18   decided.  I mean, the Court could find --
19            THE COURT:  There's going to be some overlap of the
20   issues.  When I'm making an evaluation as to whether there's
21   any colorable difference, and when I'm making an evaluation as
22   to whether -- if I get to that point -- whether there's a
23   violation of the order, then there's probably going to be some
24   discussion of what the order prohibits, which may depend in
25   part upon the language about inducing infringement.