```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

BASF AGRO B.V.,                       *
MERIAL LIMITED, and
MERIAL SAS,                           *

    Plaintiffs,                       *

vs.                                   *

CIPLA LIMITED, *et al.*,              *     CASE NO. 3:07-CV-125 (CDL)

    Defendants,                       *

VELCERA, INC. and FIDOPHARM,          *
INC.,
                                      *
    Intervenors.
                                      *

# O R D E R

In order to focus the parties on the issues to be addressed at the hearing scheduled for May 4, 2012, the Court makes the following observations. The purpose of the hearing is to address Velcera's preliminary argument that the Court's previous Injunction and the applicable law do not authorize a finding of contempt against Velcera, unless Velcera's conduct of developing, manufacturing, packaging and selling of its "new product" is done in a manner that "aids and abets" Cipla in the violation of the Court's previous Orders. The Court expects the parties' arguments to address at a minimum the following:

    1) How does the Court's March 22, 2012 Order *modify*

    its June 21, 2011 Injunction? The Court did not

intend to *modify* the Injunction, and notes that the phrase "From the date of the Court's June 21, 2011 Order going forward," relates to Velcera "selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States veterinary products. . . ." It is not intended to make other conduct that occurred prior to June 21, 2011, such as concerted product development, irrelevant. That seems clear from the basic grammatical structure of the sentence.

2) Velcera suggests in its briefing that a violation of the Court's Orders can only occur for the sale of products that it has developed AND that it has manufactured AND that it has packaged in concert with Cipla, which development, manufacture AND packaging all occurred after June 21, 2011. Yet, this appears inconsistent with the grammatical structure of the Court's Orders, as discussed above, and also ignores the fact that the Court's March 22, 2012 Order separates the phrases "developed," "manufactured," "packaged" with the combined conjunction "and/or" and not simply with "and."

3) Does the Court's Injunction prevent Velcera from selling a product that is not colorably different from the product that the Court previously enjoined, if that product was "developed" in concert with Cipla prior to June 21, 2011, but it was manufactured, packaged, and sold by Velcera independent of any connection with Cipla after June 21, 2011?  And along these same lines, what is the standard for determining whether the "new product" was "developed" in concert with Cipla?

4) What are the legal limits on the application of the Court's Injunction under the principles enunciated in *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 96 F.3d 1390 (Fed. Cir. 1996) to conduct that may be found to be partly in concert with Cipla and conduct that may be found to be partly independent of Cipla?  Or to state it another way: Can the fruit of contumacious conduct, which was originally planted by the aider and abettor in concert with its fellow contumacious party who it assisted, later be harvested solely by the aider and abettor as long as the original contumacious party, who the aider

and abettor assisted, has no involvement in the subsequent harvest?

After these issues are resolved at the hearing on May 4, 2012, the Court will then determine whether an evidentiary hearing is necessary.  The Court contemplates that such a hearing would address, among other issues, whether the new Velcera product is colorably different from the enjoined product and whether the new product was developed, manufactured, packaged and/or sold in concert with Cipla.

IT IS SO ORDERED, this 3rd day of May, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
